case number 24 3580 USA versus Trent Carey oral arguments not to exceed 15 minutes per side. Ms. Montgomery you may proceed for the appellate. We have a law student Olivia Montgomery with the court's permission. Thank you for the introduction and your help with this process and welcome. We appreciate your representation here. Thank you your honor. Good afternoon may it please the court my name is Olivia Montgomery on behalf of appellant Trent Carey. May I reserve three minutes for rebuttal? Certainly. Thank you. By the time Mr. Carey moved to withdraw his plea at his first sentencing hearing there had been a myriad of red flags to suggest that a withdrawal would be warranted. Instead of asking any of the questions required by this court the district court merely summarily denied Mr. Carey's motion without any meaningful inquiry. Such a cursory denial goes against this court's precedent in Beshara and Martin. During the April sentencing hearing alone Mr. Carey's attorney shared that he had medical issues that have required him to stop taking on any new clients for the previous year. He also apologized to Mr. Carey in open court. In response the district court granted Mr. Carey's motion for a new counsel and ensured that Mr. McGowan was not taking on any new criminal defendants. Mr. Carey explained that they had been having problems for the entirety of the representation and moved to withdraw his plea. But I mean at the guilty plea hearing one of the questions he's asked was how was your attorney he said his attorney did a good job at that time right? He did accept that his attorney had given him what he thought was adequate representation but it became very clear to him at this sentencing hearing that he had not actually received adequate representation. In fact Mr. Carey and it seems Mr. McGowan did not even understand that it was a sentencing hearing. As soon as they arrived when the district court asked Mr. McGowan if he had reviewed the PSR with Mr. Carey the pre-sentencing report Mr. Carey and Mr. McGowan said no. Mr. McGowan said that he didn't believe it would be necessary. He suggests that's because in the previous hearing the possible minimums and mandatories have been put on the record but that is not a reason not to review a pre-sentencing report. And the district court also made it clear that Mr. McGowan should have known better. He said Mr. McGowan you know that that's the first question I always ask at a sentencing yet it was never reviewed that suggested he didn't understand it was a sentencing hearing. That goes further. I mean that's pretty much you know common ground here that the lawyer had some kind of impairment by the time of the sentencing hearing. Absolutely your honor and in fact the record reflects that the impairment was long before the sentencing hearing. In the sentencing hearing in April of 2024 he says that he had not renewed his CJA appointment and he from based on medical advice and that he specifically says he had not taken on any new clients in the previous year. The judge was concerned because the first time he changed his plea he told the defendant that this is it and I'm not gonna let you set it aside later on when it comes up or works to that effect right? Yes your honor at the at the plea hearing the January 2024 plea hearing he did say that I won't let you come back in and say gee I made a mistake I want to go to trial but because of Mr. Carey's previous experience with the criminal justice system which was all in state court Mr. Carey believed that his plea could be withdrawn and he could still proceed to trial and as the 5th District the entirety of Mr. Carey's criminal histories in the 5th District has explained in Ohio versus Blair in 2002 motions to withdraw guilty pleas before sentencing are to be freely allowed and treated liberally. So that comment with the district court allowed put Mr. Carey on notice that he could not have both a plea and a trial but not that he could not later withdraw his plea and then proceed to trial as is allowed in state court. What's your best case on the 6th Circuit about the court should have allowed him to withdraw his plea? Onto allowing the plea we think that U.S. v. Lewis is important because it shows that erroneous legal advice can be considered under the circumstances underlying the guilty plea but it's worth noting that there are issues beyond what exactly a Beshara inquiry would have entailed because there was no Beshara inquiry here. The district court failed to ask any of the questions required of it by this court. Doesn't our case law say that we can conduct that sort of Beshara inquiry if the record is sufficiently developed? Yes your honor if the record were sufficiently developed this court certainly could undertake that inquiry. We do believe that there is sufficient evidence in the record that Mr. Carey should have been allowed to withdraw his plea that he had a fair and just reason but we also understand that there is a lot more that could be developed on remand here. There were a lot of questions that were not asked about. One big issue I think is the sort of the timing. That's one of the first that's the first factor obviously. Yes your honor. The big factors we look at and I think here is over 90 days before he does his oral motion and there's no suggestion in the record that he wanted to withdraw his guilty plea at any point in time before he made his oral motion. So have us that way into to your calculus. Well your honor there were 90 days that passed from the plea hearing and that first sentencing hearing but there were only mere minutes that had passed from when Mr. Carey became aware of his attorney's medical issues and that it had impacted his representation and at the advice he had been. I don't know about that. He said hey this has been going on the whole time or this has been going on a long time. So he seemed to indicate he knew something. He did understand that perhaps this wasn't the perfect representation. There were communication issues but he did not understand that the advice he had relied upon that he could withdraw his plea and go to trial at any point up until sentencing had been erroneous. It was not in fact you can see that in the record where he says things such as your honor I haven't even gotten my motion for discovery. I want my motion for discovery. When the district court explained to him you've already waived that by entering into your guilty plea. It's clear that he didn't understand that. He did not understand the implications of his plea. Our case law is pretty clear that we measure timeliness from the date the plea was entered and not some later date when for whatever reason the defendant starts to have second thoughts. So it's just it's kind of we just it's 98 days and it's not oh he had learned much more recently. It's just 98 days and I mean are you aware of any case where we said a district court abused its discretion by refusing to by denying a motion to withdraw a plea that had been entered that long before? I'm not aware of any such case. Well your honor this court is also explaining United States v. Bazzi that no one factor is determinative. It's worth noting that there are other reasons that he could have and other factors could weigh more heavily. So this one would seem to weigh pretty heavily against your client though. Again your honor we do not believe so because of the extraordinary circumstances of this case. You know literally unprecedented this long at least to my knowledge. Yeah we recognize that this was a three months is a somewhat substantial amount of time but again that is not three months that he knew the full circumstances and the impact of his guilty plea. He did not understand that that January plea was binding on him that he could only withdraw for a fair and just reason. He believed he could. Do we not consider the actual plea colloquy where the judge says we're going to sentencing and there won't be a trial? Do we not consider that as part of this analysis? It is possible your honor that under Beshara once the analysis is undertaken that that will be sufficient to cure. We do not believe so because again all of his previous legal experience he was allowed to withdraw the plea at any time and the colloquy with the with the district court all he says is that essentially suggests that you cannot have both. It's unclear from Mr. Carey's perspective and that is precisely the problem. We don't really know what Mr. Carey understood at the time because the district court did not ask the questions that it needed to to ensure that it had the information necessary. Does the defendant realize that if he's allowed to withdraw his plea he might get more time? Yes your honor we have had that discussion with Mr. Carey. He would get the opportunity to make a decision again about what is in his best interest and he pretty much admitted everything in front of the district judge. Well he admitted to possession but not to the trafficking charges. In fact there are two separate instances. He did admit eventually. At first he they have kind of a disagreement about what distribution is but by the end of that colloquy he admits that he intended to distribute in the in the sense that the the statute you know means. I like to push back slightly on insofar as he does say all right yeah I admit to that. That's hardly a very adamant admission of guilt and it's worth noting that again in the sentencing memo once again with help of his attorney he does admit to involvement but does say that the gun was for recreational use only. Again during the June sentencing hearing as well he says that I do want Mr. Carey says I do want to make it clear though that my reason for having a firearm was recreational purposes only it was not in furtherance of drug trafficking. That's on page ID 619. It's a tough argument to make when it's found in a safe with a bunch of drugs. Well your honor there were concerns about the safe and exactly whether Mr. Carey was the one in possession of that safe. It was in a house that he shared with his girlfriend. His girlfriend is the one who ultimately turned over the true key to the safe. So there would have had around his neck in fact open the safe right? After substantial time and jiggling and work on the US Marshals he was able to essentially pick the lock with Mr. Carey's key that is the and Mr. Carey says that that key was his daughter's diary key not a key to the safe but yes it was used to essentially pick the lock eventually yes. But that does mean that there were potential issues regarding possession that could have been developed by an attorney that was not suffering from these medical issues. And again that is another thing that the district court could have asked questions about and would have come out and we would have more details and understanding of exactly what happened there if an evidentiary had been held or any questions whatsoever had been asked of Mr. Carey when he said that he wanted to withdraw his plea. Judge Polster did a pretty thorough rule 11 colloquy with him. It would seem to me do you disagree with that? No your honor we are not challenging the colloquy as per se ineffective just that it was insufficient to by itself make it clear to Mr. Carey that he that the advice he'd received from counsel was erroneous. So it's insufficient to defeat his... What advice was that exactly? Well we don't know exactly your honor it does seem from the transcript that both Mr. McGowan and Mr. Carey believed that a trial was still impending. Mr. McGowan after apologizing to Mr. Carey in open court on page ID 355 41 says I thought I've had pleas where they take the plea and it moves forward. Are you claiming ineffective assistance of counsel or that's not it? That's not it your honor. There may be a potential Sixth Amendment claim that can be developed later but here we have a ripe motion for a rule 11 withdrawal claim. So as this court has in the United States versus Lewis that a erroneous legal advice can be analyzed under the Beshara factors and even in that Lewis case the government had tried to claim that it was an ineffective counsel argument and this court denied that and said no this can be addressed under the Beshara factors under the circumstances underlying guilt. All right you'll have your three minutes and we'll hear from the government. Thank you your honor. Good afternoon your honors. May it please the court. Joe D'Angelo on behalf of the United States. I would argue to the in response to the defense's argument that that impairment argument that she is making was going to be addressed by Judge Polster. He had at that point in the process when he asks this hybrid question or a cursory question of may I withdraw my plea was in the process of appointing him a new lawyer and he did that and he said in the record I'm not going to address that orally and then moves on to deny it and then appoints him a new lawyer. When the new lawyer comes on board he has a significant period of time to file a sentencing memorandum and come before the court at the sentencing hearing at no time. Does that lawyer, subsequent It's never brought up again. Well I think it's significant because he says I'm not orally he's specific Judge Polster specifically we uses the word orally going to address that motion. So certainly I think that lawyer certainly had an opportunity. Insufficient counsel what's the response and then he said it's denied I did the rule 11 hearing. Correct and he's also then appointing him a new lawyer addressing that insufficient counsel complaint and allowing that lawyer then to address all the facts of the particular case, file a written motion to withdraw the plea and allowing the judge then to take a look at the entire record to see if it is appropriate at that particular time. The only thing I don't see in the record is anything where the judge says I'm getting you a lawyer to further address this motion to withdraw. No I understand judge and that's a good point however I do believe that any lawyer who's appointed new to a case who would see a legal issue could then file a motion to withdraw the plea addressing the specific issue that his client has raised with him which they obviously decided not to re-raise. In I read this this plea is if Judge Polster does what the defense is asking him to, has a hearing, a Beshara hearing, addresses all of these factors at that point he is almost permitting hybrid representation at that point. At that juncture Mr. Carey was not representing himself he had not gone through any colloquy that was required for someone to represent themselves. Judge Polster was essentially slowing this down appointing him a new lawyer which was addressing his main complaint and allowing them to take an analysis of whether or not they wanted to file a subsequent motion. So I don't believe that they've shown that Judge Polster abused his discretion in denying the motion and there was no fair and just reason to allow for the withdrawal of his plea. As the court has noted this question that he's making this pro se question of can I withdraw my plea is made 97 days after he or 98 days after he had entered the plea. And you know as I noted earlier he had indicated the reason why he wanted it was for new counsel and as Judge Kethledge noted there appeared to be some confusion from that lawyer at that hearing. There was some sort of impairment that that was going on there. He is very unclear what he is talking about that lawyer is talking about in the record. I don't believe that based on what they're saying in the context of it that they are immediately saying oh well at that change of plea hearing we thought we were going to go to trial or at that sentencing hearing we thought we were going to go to trial. I believe they're talking about the November 9th 2023 hearing where Judge Polster does talk to him and does have a colloquy with him about the potential sentencing ranges if you accept your plea, the guidelines, the criminal history category. And then they come back for a subsequent hearing on December 12th where Judge Polster again gives him another opportunity to consider whether or not he's going to enter his plea and they talk at length about that safe and whether or not the key opens up the safe. And it's not until January 4th of 2024 that he comes back in and he enters that plea. At that point there is no question the colloquy goes on. There is a discussion about distribution about whether or not he actually distributed those drugs. Judge Polster defines for him the definition of distribution and he says okay I'll admit to that and then enters a plea of guilty to that charge. At no point is the 924 C charge even contested until we get to some sort of a sentencing memorandum where he's already entered a plea of guilty. And once again he had no point during that sentencing hearing asked to withdraw his plea. When did this idea come up first after he was sentenced? The idea of? Of taking an appeal because he wanted a new trial or wanted a trial and the court forced his plea. Yeah I believe that that question came up at the sentencing hearing on January 4th excuse me 2024 is when or excuse me no the this at the the sentencing hearing on April 11th 2024 is when he does try to withdraw his plea. He's subsequently sentenced after that. I'm sorry I've got the dates a little mixed up. But I believe that you know according to United States versus Spragling and United States versus Martin a district court is not required to hold a hearing or formally evaluate the factors under United States versus Beshara. As this court Judge Pulser presided over the case from the filing of the indictment all the way through to the sentencing hearing. And when we when this court then would step back and conduct a Beshara review you would notice that it took him 98 days to from the time of his plea to that time of that hearing where he asked to withdraw his plea. In addition your honors I'd indicate he had not maintained his innocence to all of the charges. It was at that sentencing hearing that there was some discussion about whether or not he would have challenged the 924 C count. That was not brought up earlier he had entered a plea of guilty to that. And as the court is well aware he did conduct a very Judge Pulser did conduct a very thorough review of the change of plea on January 4th of 2024. So I'd indicate that what the defense is arguing here is essentially what Beshara is prohibits. And that is that he had made a tactical decision to enter a plea of guilty and waited several weeks and decided that he wanted to withdraw his plea because he believed he made a bad choice. That is what Beshara prohibits. That is what Mr. Kerry is trying to do here and for all those reasons the United States is going to ask that you find that Judge Pulser did not abuse his discretion in denying this oral unauthorized and cursory withdrawal of his plea. Well I mean in fairness to the defendant I mean it does seem like he's quite sincere in the sentencing hearing in his belief that you know the lawyer has not been representing. He seems as struck as that maybe everybody else in the courtroom that the lawyer is kind of as impaired or whatever you want to say as he was. We don't really know I think from the record Judge, one what the level of that impairment was. I mean we don't know if it's a mental impairment. I mean in terms of this being gamesmanship I really don't see that at all. I mean we can only expect so much of a you know criminal defendant who's not a lawyer and you know he's like judge you know we need to start over in this. I understand that. I guess my response would be that that was remedied by the appointment of the new lawyer and the new lawyer could have reviewed all that with him. They could have filed a formal written motion to withdraw his plea and at that point Judge Pulser could have decided hey I can deny this because I already ruled on it and then that could be reviewed by the Sixth Circuit or he could have had a hearing and went through all the factors and I think that's why it was remedied and that was never brought up again. I believe that just by common occurrence that that makes it what makes the most sense. All right. Thank you for your time. Thank you. We'll hear rebuttal. Your Honors, we just heard my friend on the other side say that we don't know from the record what the impairment was. He also made several comments about what he believes the record shows and what he thinks Mr. McGowan was referring to. That is precisely the problem here. We don't know what was happening with Mr. McGowan. We don't know what his impairment was. How important is that in this? Is this crucial to your case? Absolutely, Your Honor. It is crucial because as this court explained a district court cannot undertake a Beshara analysis unless it gathers the necessary facts to do so. The It is clear from the record that the district court did not have all the information here. My friend on the other side mentioned both Spragling and Martin but in those cases the complaints were only about what was in the record. The issue here is all the advice that Mr. Carey received outside of the record. All of the most important issue under Beshara that should have been covered. We believe the most important issue is the circumstances underlying the guilty plea because the advice of counsel as I explained this court has said in US v Lewis should be analyzed under the circumstances underlying the guilty plea. So the failure by Mr. Carey's counsel to adequately inform him about what was happening in the district court, in federal court, how that's different from state court, what the implications were of entering into the plea at the time. All of those are issues that need to be addressed. That's things the district court needs to understand but the district court here did not ask the questions required to understand all of the circumstances underlying Mr. Carey's guilty plea and so it could not make an informed decision under Beshara. Additionally the other point I want to address is that the plea colloquy again we understand that the plea colloquy here we're not challenging it as under rule 11 but we are challenging that it by itself cannot always defeat a motion to withdraw. That needs to be a fair and just reason. If the only requirement is that it was a knowing and voluntary plea and that rule 11 was followed there would be no opportunity to withdraw. You could never have a fair and just reason. Every plea that was entered into would not be able to be for a fair and just reasons in between the plea and a sentencing. Thank you, your honors. All right, thank you, Ms. Montgomery. You've done an exemplary job. You can stand, you know, when you're being complimented but you've done an exemplary job for your client, truly, and we are grateful for your representation and for the government's arguments as well. So thank you. Case will be submitted.